# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Scherer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Alex Sualim,<br><br>　　　　　Defendant. | No. CV-22-00252-PHX-MTM<br><br>**ORDER** |

This matter was assigned to Magistrate Judge Michael T. Morrissey. (Doc. 2). On November 22, 2022, the Magistrate Judge filed a Report and Recommendation with this Court. (Doc. 25). After Plaintiff's request, the Court extended the deadline for Plaintiff to respond to the Report and Recommendation to February 3, 2023 in order to allow Plaintiff to confer with the Department of Justice ("DOJ"). On December 20, 2022, Plaintiff filed a response, (Doc. 28), and the following day, Plaintiff filed an amended response, (Doc. 30), which the Court considers the operating Objection. The Objection does not include any information about Plaintiff's attempts to discuss restitution with the DOJ. After considering the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court now issues the following ruling.[1]

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent

## I. Standard of Review

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## II. Discussion[2]

Plaintiff raises two objections. First, Plaintiff asserts that his name was erroneously left off the restitution order and "the procedural requirements of section 3664

---

to the full authority of the Magistrate Judge,

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

[2] The factual procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 25).

- 2 -

were designed to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant." United States v. Moreland, 622 F.3d 1147, 1173 (9th Cir. 2010). However, regardless of the reasoning of the MVRA's design, Plaintiff cannot enforce a restitution order through unauthorized mechanisms—Courts must comply with statutes laid out by Congress. And as discussed in the Report and Recommendation, and as Plaintiff admits in the Objection, the mechanism in section 3664(m)(1)(B) is exclusive. Schultz v. United States, 564 F.3d 1120, 1123 (9th Cir. 2010).

Additionally, Plaintiff alleged that he was assigned some restitution by Tom Hale. See United States v. Turner, 312 F.3d 1137 (9th Cir. 2002) (acknowledging assignment of restitution obligations). Thus, Plaintiff is not necessarily foreclosed from obtaining restitution through correct procedure.

Second, Plaintiff argues that dismissal without leave to amend is unnecessarily harsh. However, as Plaintiff states, "leave to amend is proper if it is clear the complaint could not be saved by amendment." Lund v. Cowan, 5 F.4th 964, 973 (9th Cir. 2021). Because obtaining an abstract of judgment is the only way a victim can privately enforce a restitution order, see Schultz, 564 F.3d at 1123, amendment cannot save the Complaint.

### III. Conclusion

Having reviewed the Report and Recommendation of the Magistrate Judge and Plaintiff's Objection, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. For the reasons set forth above,

**IT IS HEREBY ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 25).

**IT IS FURTHER ORDERED dismissing without prejudice** and **without leave to amend** Plaintiff's Amended Complaint. (Doc. 20).

**IT IS FURTHER ORDERED denying as moot** Plaintiff's Motion for Default. (Doc. 12).

\\\

**IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate this matter.

Dated this 8th day of February, 2023.

Honorable Stephen M. McNamee
Senior United States District Judge